UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-1460 JGB (JDE)** | Date | April 2, 2026 |
|---|---|---|---|
| Title | *Enrique Munoz Nopala, et al. v. Markwayne Mullin, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order GRANTING Petitioners' Ex Parte Application for a Temporary Restraining Order (Dkt. No. 5) (IN CHAMBERS)**

Before the Court is Petitioners Enrique Munoz Nopala, Daniel Fernando Tzun, Jose Antonio Cortez Lozano, Tomas Vazquez, Alberto Juarez Rincon, and Alberto Ocampo Trujillo's ex parte application for a temporary restraining order. ("Application," Dkt. No. 5.) The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the matter, the Court **GRANTS** the Application.

## I.    BACKGROUND

On March 26, 2026, Petitioners Enrique Munoz Nopala, Daniel Fernando Tzun, Jose Antonion Cortez Lozano, Tomas Vazquez, Alberto Juarez Rincon, and Alberto Ocampo Trujillo filed a petition for writ of habeas corpus. ("Petition," Dkt. No. 1.) Petitioners raise the following grounds for relief: (1) violation of the Immigration & Nationality Act, requesting relief pursuant to Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) reconsideration granted in part, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), and amended and superseded on reconsideration, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025); (2) violation of 8 U.S.C. § 1226(a); and (3) violation of the Fifth Amendment Due Process Clause. (See Petition.)

On the same date, Petitioners filed the instant Application. (Application.) The Court issued an order preserving its jurisdiction and ordering the Government to respond to the Application. (Dkt. No. 7.) On March 27, 2026, the Government responded, indicating that Petitioners are members of the Bond Eligible Class certified in Maldonado Bautista.

---

**CIVIL MINUTES—GENERAL**    Initials of Deputy Clerk mg

("Response," Dkt. No. 9.)  The Government does not oppose the granting of the relief requested by Petitioners: a bond hearing.  (Id.)

## II.  FACTS

Petitioners are foreign nationals currently in federal custody at the Adelanto Detention Center or the Desert View Annex in Adelanto, California.  (Petition at 6–8.)  Between November 2025 and January 2026, each petitioner was arrested and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone present without admission in the United States.  (Id.)  After being detained, Petitioners have been denied individualized bond hearings before an immigration judge.  (Id.)

Petitioners do not have a criminal record that would mandate detention under 8 U.S.C. § 1226(c), and have no previous contact with immigration authorities.  (Id.)  Each Petitioner was provided with a U.S. Department of Homeland Security ("DHS") Form I-862 Notice to Appear, in which Petitioners are identified as "an alien present in the United States who has not been admitted or paroled."  (Petition, Exs. A–K.)

## III. LEGAL STANDARD

A temporary restraining order ("TRO") may be issued upon a showing that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 61(b)(1)(A).  The purpose of a TRO is to preserve the status quo and prevent irreparable harm until a hearing may be held on the propriety of a preliminary injunction.  See Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).  The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction.  Lockheed Missile & Space Co. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).  "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."  Munaf v. Geren, 553 U.S. 674, 690 (2008) (citations omitted).  An injunction is binding only on parties to the action, their officers, agents, servants, employees, attorneys, and those "in active concert or participation" with them.  Fed. R. Civ. P. 65(d).

Courts in the Ninth Circuit may consider the Winter factors on a sliding scale and grant an injunction where the plaintiff raises "serious questions going to the merits, and a balance of hardships that tips sharply toward the plaintiff" if "the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134-35 (9th Cir. 2011) (noting that the latter two elements are "the other two elements of the Winter test").

## IV.  DISCUSSION

To secure a TRO or a preliminary injunction, Petitioners must show that they are likely to succeed on the merits, likely to suffer irreparable harm, and that the balance of equities and the public interest tips in their favor.  Winter, 555 U.S. at 20.  Likelihood of success on the merits "is a threshold inquiry and is the most important factor."  Env't Prot. Info. Ctr. v. Carlson, 968 F.3d 985, 989 (9th Cir. 2020).  Because both parties have had an opportunity to file briefs, the Court construes the Application for a TRO as a motion for preliminary injunction.  Synopsys, Inc. v. AzurEngine Techs., Inc., 401 F. Supp. 3d 1068, 1075 (S.D. Cal. 2019) ("Given this opportunity for briefing, the Court will instead construe [plaintiff's] request for a TRO as a motion for preliminary injunction.").

### A.  Likelihood of Success on the Merits

"Likelihood of success on the merits is a threshold inquiry and is the most important factor."  Env't Prot. Info. Ctr., 968 F.3d at 989.  Petitioners argue that their detention violates their Fifth Amendment due process rights.  (Petition at 10–13; Application at 11–14.)  "Freedom from imprisonment . . . lies at the heart of the liberty" that the Fifth Amendment's Due Process Clause "protects."  Zadvydas v. Davis, 533 U.S. 678, 690 (2001).  "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent."  Id. at 693.  As a result, the government can only detain individuals outside of the criminal context in "certain special and 'narrow' nonpunitive 'circumstances.'"  Id. at 690 (citing Foucha v. Louisiana, 504 U.S. 71, 80 (1992)).  Most importantly, the Court notes that the Government has offered no arguments in opposition to Petitioners' Application.  Thus, between the lack of opposition and the facts as pled, the Court finds that under the Fifth Amendment's Due Process Clause, Petitioners have a liberty interest in due process protections under § 1226(a).

The Court now turns to the question of procedures that are appropriate to protect Petitioners' liberty interests.  Under Mathews v. Eldridge[1], the Court considers three factors: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  424 U.S. 319, 335 (1976).

Under the first factor, Petitioners have a significant private interest in not being detained without due process of law.  A person's liberty cannot be abridged without "adequate procedural protections."  Zadvydas, 533 U.S. at 690.  Petitioners are requesting that DHS adhere to existing procedures and hold individualized bond hearings, as they are entitled to under § 1226(a).

---

[1] The Court follows the Ninth Circuit, which regularly employs Mathews v. Eldridge in the context of due process challenges in the immigration context.  See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206–07 (9th Cir. 2022).

**CIVIL MINUTES—GENERAL**              Initials of Deputy Clerk mg

(Application at 11–14.)  At a minimum, § 1226(a) requires a valid exercise of DHS's discretion in making a detention determination.  See 8 C.F.R. § 236.1(c)(8) ("Any officer authorized to issue a warrant of arrest may, in the officer's discretion, release an alien . . . provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding.").  Here, the record contains no indication that DHS exercised any discretion in detaining Petitioners.  And again, the Government does not oppose the granting of the relief requested under § 1226(a). Accordingly, Petitioners have established that they have a private interest in their liberty in advocating for a bond hearing pursuant to § 1226(a), of which they have been completely deprived.

With respect to the second factor, the Court concludes the risk of erroneous deprivation is high.  "Civil immigration detention must be 'nonpunitive in purpose' and bear a 'reasonable relation' to the authorized statutory purposes of preventing flight and danger to the community." Valencia Zapata v. Kaiser, No. 25-CV-07492-RFL, 2025 WL 2741654, at *10 (N.D. Cal. Sept. 26, 2025) (citing Zadvydas, 533 U.S. at 690).  Petitioners have not received a bond hearing.  Thus, the risk of erroneous deprivation of liberty is high because neither the Government nor Petitioners has had an opportunity to determine whether there is a valid basis for Petitioners' detention.  See Pinchi v. Noem, No. 5:25-CV-05632-PCP, 2025 WL 2084921, at *5 (N.D. Cal. July 24, 2025).

As to the third factor, "the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." Hernandez v. Sessions, 872 F.3d 976, 994 (9th Cir. 2017).  Further, "[i]n immigration court, custody hearings are routine and impose a 'minimal' cost."  Singh v. Andrews, No. 25-cv-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025) (quoting Doe v. Becerra, 25-cv-00647-DJC-DMC, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)).  Accordingly, the burden of affording Petitioners a bond hearing does not outweigh Petitioners' substantial liberty interest and the risk of erroneous deprivation.

Accordingly, the Court concludes that Petitioners have demonstrated a likelihood of success on the merits.

## B.  Irreparable Harm

Petitioners are suffering irreparable harm because they are likely being detained in violation of their constitutional rights.  "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'"  Hernandez, 872 F.3d at 994 (quoting Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012)).

Furthermore, as the Ninth Circuit has explained, "immigration detention" results in "subpar medical and psychiatric care . . . , [] economic burdens . . . on detainees and their

families . . . , and [] collateral harms to children of detainees." <u>Hernandez</u>, 872 F.3d at 995.  Therefore, Petitioners face irreparable harm.

## C.  Balance of Equities and Public Interest

Where the government is the opposing party, the balancing of the equities and the public interest merge.  <u>See</u> <u>Nken v. Holder</u>, 556 U.S. 418, 435 (2009).  Thus, the Court asks whether any significant "public consequences" would result from issuing the preliminary injunction.  <u>Winter</u>, 555 U.S. at 24.

As other courts have recognized, "the public has a strong interest in upholding procedural protections against unlawful detention." <u>Vargas v. Jennings</u>, No. 20-CV-5785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020).  And the Government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." <u>Zepeda v. U.S. Immigr. & Nat. Serv.</u>, 753 F.2d 719, 727 (9th Cir. 1983).  Likewise, in the absence of an injunction, Petitioners are, and will continue to be, subjected to prolonged detention and the resulting emotional harm.

Due to the minimal harm suffered by the Government, the Court will not require security.

## V.   CONCLUSION

For the reasons described above, the Court **GRANTS** the Application.  Accordingly, the Court finds Petitioners are entitled to a preliminary injunction and **ENJOINS** the Government from detaining Petitioners unless they are provided an individualized bond hearing before an immigration judge consistent with § 1226(a) and 8 C.F.R §§ 1003.19, 1236.1 within 7 days of the date of this Order.  Further, the bond hearing must comport with due process as follows: (1) be conducted before a neutral immigration judge; (2) render a decision based only on evidence specific to the individual Petitioner that pertains either to danger to the community or flight risk and that is not based on "mechanistic factors" common to all noncitizens present without admission; and (3) consider each Petitioner's financial circumstances when setting bond amount as required by <u>Hernandez v. Sessions</u>, 872 F.3d 976 (9th Cir. 2017).

**If Petitioners are not provided with a bond hearing within 7 days of this Order, they are to be released forthwith.**

Upon providing Petitioners with either form of relief, the Government is **DIRECTED** to file with this Court a status report within 8 days of this Order as to whether Petitioners have received a bond hearing and the outcome of the bond hearing, or when Petitioners were released from detention.  All further matters are referred to the Magistrate Judge.

**IT IS SO ORDERED.**